SMITH v WYOMING PUBLIC SCHOOLS BOARD OF EDUCATION

Docket No. 64808. Submitted May 3, 1983, at Grand Rapids.—Decided September 14, 1983. Leave to appeal applied for.

Roberta J. Smith, a tenured teacher employed by the Board of Education of the Wyoming Public Schools, requested a leave of absence for the 1978-1979 school year. The leave was granted. In January, 1979, Smith informed the board that she was ready to terminate her leave. The board informed her that there were no positions available to her in the 1978-1979 school year. In April, 1979, the board resolved to reduce its teaching staff for economic reasons, and Smith was informed that no position would be available to her during the 1979-1980 school year due to the reduction of personnel. Smith appealed to the State Tenure Commission, which ruled that it had jurisdiction to consider Smith's claims that the board used her former leave status as a basis for terminating her services and that the practice violates the teachers' tenure act. The commission ruled in Smith's favor, ordering that she be reinstated with full back pay. The board appealed to Kent Circuit Court, which reversed the commission's decision on the ground that the commission lacked jurisdiction over Smith's claim, Stuart Hoffius, J. Smith appeals. *Held:*

1. Smith's claim that the board's action deprived her of her rights under the teachers' tenure act is within the jurisdiction of the commission.

2. The commission erred in ruling that the board's action violated the teachers' tenure act. A tenured teacher may have her services terminated due to economic necessity. The teachers' tenure act does not guarantee tenured teachers a right to continuing employment where a school board must decide whom among tenured teachers to lay off, and a school board's use of certain selection criteria, including former leave status, in its decision to lay off particular tenured teachers does not

REFERENCES FOR POINTS IN HEADNOTES

[1] 68 Am Jur 2d, Schools § 204.
[2] 68 Am Jur 2d, Schools §§ 168, 183.
Right to dismiss public school teacher on ground that services are no longer needed. 100 ALR2d 1141.

deprive those teachers of any "right" to continuing employment. The board in this case did not violate the teachers' tenure act. The circuit court's reversal of the commission's order is affirmed.

Affirmed.

1. SCHOOLS — TENURED TEACHERS — STATE TENURE COMMISSION — JURISDICTION.

The State Tenure Commission has jurisdiction to entertain an appeal by a tenured teacher from any decision of a school board (MCL 38.121; MSA 15.2021).

2. SCHOOLS — TENURED TEACHERS — TERMINATION OF EMPLOYMENT.

A tenured teacher may have her services terminated due to economic necessity, and a school board's use of certain selection criteria, including former leave status, in its decision to lay off particular tenured teachers does not deprive those teachers of any "right" to continuing employment (MCL 38.105; MSA 15.2005).

*Foster, Swift, Collins & Coey, P.C.* (by *Deborah A. Deprez*), for petitioner.

*Thrun, Maatsch & Nordberg, P.C.* (by *Donald J. Bonato*), for respondent.

Before: D. E. HOLBROOK, JR., P.J., and R. M. MAHER and P. R. JOSLYN,* JJ.

PER CURIAM. Petitioner appeals as of right from the circuit court's order reversing the State Tenure Commission's order reinstating petitioner with full back pay.

Petitioner is a tenured teacher employed by respondent. In 1978, she requested a leave of absence for the 1978-1979 school year to travel to Iran. Respondent granted her request and the petitioner was notified of its decision by a letter. However, due to civil disturbances in Iran, petitioner returned to this country in January, 1979.

* Circuit judge, sitting on the Court of Appeals by assignment.

She notified school administrators of her return but was told that there were no positions available in the 1978-1979 school year. In April, 1979, respondent resolved to reduce its teaching staff for economic reasons. Subsequently, petitioner was notified that no position would be available to her during the 1979-1980 school year due to the reduction of personnel. Petitioner then appealed to the State Tenure Commission. Although she raised many claims, her basic contention was that the school board used her former leave status as a basis for terminating her services and that that practice violates the teachers' tenure act (TTA), MCL 38.71 *et seq.;* MSA 15.1971 *et seq.* The commission ruled that it had jurisdiction to consider petitioner's claim and then proceeded to rule on the merits in her favor. Respondent then appealed the commission's decision to the circuit court. The court reversed the decision of the commission on the ground that the commission lacked jurisdiction over petitioner's claim.

Initially, we must decide whether the State Tenure Commission has jurisdiction to consider whether respondent was permitted to use petitioner's former leave status as a basis for terminating her services.

Essentially, petitioner's claim is that respondent's action deprived her of her rights under the TTA. We believe that that claim is within the jurisdiction of the commission. The tenure commission has jurisdiction to entertain an appeal by a tenured teacher from any decision of a school board: "A teacher who has achieved tenure status may appeal any decision of a controlling board * * *". MCL 38.121; MSA 15.2021. Moreover, the commission may consider a claim alleging that the school board's action has violated the TTA. MCL 38.137; MSA 15.2037 provides that the "tenure commission is * * * vested with such powers as

are necessary to carry out and enforce the provisions of [the TTA]". In addition, the Supreme Court has said that the commission's "jurisdiction and administrative expertise is limited to questions traditionally arising under the teachers' tenure act". *Rockwell v Crestwood School Dist Bd of Ed,* 393 Mich 616, 630; 227 NW2d 736 (1975).

Although we agree with petitioner that the commission had jurisdiction over her claim, we find that the commission erred in ruling that respondent's action violated the TTA. Under that act, "no leave of absence shall serve to terminate continuing tenure previously acquired * * *". MCL 38.112; MSA 15.2012. Thus, a tenured teacher on leave or returning from leave has all the rights accorded active tenured teachers. The commission held that the practice of using former leave status as a basis for laying off a tenured teacher violates one of those rights. The practice deprives the teacher of her right to "continuing employment". We disagree with that conclusion. A tenured teacher may have her services terminated due to economic necessity. See MCL 38.105; MSA 15.2005. Where a school board must decide whom among tenured teachers to lay off, the TTA guarantees none a right to continuing employment. A tenured teacher cannot be denied a right that she does not have. A school board's use of certain selection criteria—including former leave status— in its decision to lay off particular tenured teachers does not deprive those teachers of any "right" to continuing employment.

On the record before us, we find that the respondent's use of petitioner's former leave status in its decision to terminate her services due to economic necessity did not violate the TTA.

Affirmed. No costs, neither party having prevailed in full.