Lynette J. KRAMER, Plaintiff,

v.

**VAN DYKE PUBLIC SCHOOLS, The Board of Education of Van Dyke Public Schools, CNA Insurance Companies and Continental Casualty Company, Defendants.**

**Civil Action No. 94–40574.**

United States District Court,
E.D. Michigan,
Southern Division.

March 19, 1996.

David Melkus, Flint, MI, for Lynette J. Kramer.

Ann L. VanderLaan, Hardy, Lewis & Page P.C., Birmingham, MI, William G. Albertson, Pollard & Albertson, Bloomfield Hills, MI, for Van Dyke Public Schools, Board of Education of Van Dyke Public Schools.

Roy H. Christiansen, Kerr, Russell & Weber, Detroit, MI, Christian A. Preus, Meagher & Geer, Minneapolis, MN, for CNA Ins. Co., Continental Casualty Company.

*MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS', VAN DYKE PUBLIC SCHOOLS AND BOARD OF EDUCATION OF VAN DYKE PUBLIC SCHOOLS, MOTION TO DISMISS OR FOR SUMMARY JUDGMENT*

GADOLA, District Judge.

The plaintiff, Lynette Kramer, filed a three count complaint with the Circuit Court of Ingham County, Michigan on No-vember 17, 1994. The defendants removed the case to this court on December 21, 1994, based upon various alleged due process violations and 42 U.S.C. § 1983 claims contained in the complaint. By order entered January 19, 1995, this court remanded the state law claims contained in the complaint to the Ingham County Circuit Court and retained federal question jurisdiction over Kramer's alleged federal claims. This court also dismissed defendants CNA Insurance Company and Continental Casualty Company by order entered February 28, 1995, as no federal claims were pending against those defendants in this court. The remaining defendants, Van Dyke Public Schools and the Board of Education of Van Dyke Public Schools (collectively "School District"), bring this motion to dismiss the plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(c) or 56(c). This court has considered the pleadings and has determined that oral argument is not necessary to the disposition of this motion. Local Rule 7.1(e)(2) (E.D.Mich. Jan., 1992). For the reasons stated below, this court will grant the defendants' motion and dismiss the plaintiff's complaint.

## I. Background

Lynette Kramer, a tenured teacher with the Van Dyke Public Schools, filed an appeal with the State Tenure Commission ("Commission") in 1980, challenging the School District's failure to return Kramer to active employment following her leave of absence during the 1976–77 school year. Kramer was restored to her employment for the 1979–80 school year and remains a tenured teacher to date. Her appeal with the Commission sought recovery of salary lost during the 1977–78 and 1978–79 school years.

The Commission dismissed Kramer's petition in October 1980, finding that Kramer's 30 day appeal period had commenced in August of 1979 when she was reemployed by the school and notified that the Michigan Tenure Act defined her rights to challenge any actions of the school district. The Michigan Court of Appeals reversed that determination in May of 1984 and remanded the matter to the Commission for consideration

of the merits. *Kramer v. Van Dyke Public Schools*, 134 Mich.App. 479, 351 N.W.2d 572 (1984).

After a protracted discovery period, the Commission conducted a hearing on the merits in March of 1986. Following this hearing, Kramer filed a post-hearing brief which identified for the first time the teaching assignments she claimed she should have been given during the two school years in dispute. Specifically, Kramer claimed that she should have been placed in the assignment of Diane Balos in the 1977–78 school year and Marlene Dayne for the 1978–79 school year, as both Balos and Dayne had fewer years of seniority than Kramer.

In November of 1986, the Commission issued its decision on the merits. The Commission concluded that the School District had implemented a bona fide reduction in personnel during Kramer's year-long leave of absence and that the School District properly did not recall Kramer to work for the following two school years due to this reduction. Moreover, the Commission concluded that neither of the positions occupied by Balos or Dayne was a "vacancy" available for Kramer's recall under the Michigan Tenure Act.

In an unpublished opinion issued in April of 1990, the Michigan Court of Appeals held that the Commission erred in concluding that the positions occupied by Balos and Dayne were not "vacancies" to which Kramer should have been considered for recall based upon qualifications and seniority. On remand, the Commission held an evidentiary hearing on March 8, 1994 to determine whether either of the Balos and Dayne positions were vacant and whether Kramer had the seniority and qualifications such that she should have been recalled to fill either of these vacancies. In its October 28, 1994 Decision and Order, the Commission concluded that no vacancy existed in the 1977–78 school year, but that, under the Court of Appeals' definition of the end of school year, Kramer should have been recalled to work during the 1978–79 school year instead of Dayne. Accordingly, the Commission awarded Kramer back pay and benefits for the 1978–79 school year only.

Dissatisfied by this result, Kramer filed a civil action against the defendants on November 17, 1994. In count I of that complaint, entitled "Petition for Review," Kramer appeals the October 28, 1994 decision of the Commission denying her request for relief for the 1977–78 school year. Count II asserts a claim for damages under 42 U.S.C. § 1983 based upon the School District's refusal to return Kramer to active employment "at the start of the 1977–78 and 1978–79 school years, its adoption and enforcement of a policy and practice of subordinating the recall rights of teachers on leave of absence … and its conduct which misled [Kramer] into not filing an earlier Tenure action," which "constituted a 'taking' of her property and a deprivation of [Kramer's] due process rights." Count III alleges that the current administrative interpretations of the Commission, which entitle Kramer to only 5% per annum interest in her claims against the School District, unconstitutionally deprive her of the 12% statutory interest rate provided in M.C.L.A. § 600.6013 and M.C.L.A. § 500.2006.

In its motion to dismiss, the School District contends that Kramer's Fourteenth and Fifth Amendment due process claims under section 1983 are not viable for seven different reasons, including that this action is barred by Michigan's three year statute of limitations permitted for section 1983 claims and that there has been no cognizable deprivation of a constitutional interest without due process of law. The School District submits that Kramer's complaint is nothing more than an appeal of the adverse ruling of the Commission. Accordingly, the School District moves for a judgment on the pleadings pursuant to Rule 12(c).

## II. Standard of Review

Federal Rule of Civil Procedure 12(c) authorizes any party to a civil action to move for a judgment on the pleadings. The standard under Rule 12(c) is identical in substance to the standard for summary judgment under Rule 56(c), as both procedures are concerned with the substance of the parties' claims and defenses and are directed towards a final adjudication on the merits. *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir.1993) (citing 5A Charles A. Wright and Arthur R. Miller, *Federal Prac-*

*tice and Procedure* § 1369 at 535 (1990)). When a motion for judgment on the pleadings essentially challenges the legal basis of the complaint, the motion may also be treated under the standards for motions to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. *Moxley v. Vernot*, 555 F.Supp. 554, 556 (S.D.Ohio 1982); *Amersbach v. City of Cleveland*, 598 F.2d 1033 (6th Cir.1979).

■ Federal Rule of Civil Procedure 12(b)(6) authorizes the district courts to dismiss any complaint which fails "to state a claim upon which relief can be granted." Rule 12(b)(6) affords a defendant an opportunity to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. In applying the standards under Rule 12(b)(6), the court must presume all well-pleaded factual allegations in the complaint to be true and draw all reasonable inferences from those allegations in favor of the non-moving party. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir.1993). The court need not, however, accord the presumption of truthfulness to any legal conclusion, opinions or deductions, even if they are couched as factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 629 (9th Cir.1981); *Mitchell v. Archibald & Kendall, Inc.*, 573 F.2d 429, 432 (7th Cir.1978); *Sexton v. Barry*, 233 F.2d 220, 223 (6th Cir.1956).

■ Where a motion for judgment on the pleadings or to dismiss for failure to state a claim is made under Rule 12 and "matters outside the pleadings are presented and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed.R.Civ.P. 12(b)(6); Fed.R.Civ.P. 12(c). Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the non-moving party's case on which the non-moving party would bear the burden of proof at trial. *Martin v. Ohio Turnpike Commission*, 968 F.2d 606, 608 (6th Cir.1992). As the Supreme Court has stated:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In considering a motion for summary judgment, the court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the non-moving party. *60 Ivy Street Corporation v. Alexander*, 822 F.2d 1432, 1435 (6th Cir.1987). The court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435–36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435.

■■ A fact is "material" for purposes of summary judgment where proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir.1984). In other words, the disputed fact must be one which might affect outcome of the suit under the substantive law controlling the issue. *Henson v. National Aeronautics and Space Administration*, 14 F.3d 1143, 1148 (6th Cir.1994). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* Accordingly, where a reasonable jury could not find that the non-moving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Feliciano v. City of Cleveland*, 988 F.2d 649 (6th Cir. 1993).

■ Once the moving party carries its initial burden of demonstrating that no genu-

ine issues of material fact are in dispute, the burden shifts to the non-moving party to present specific facts to prove that there is a genuine issue for trial. To create a genuine issue of material fact, the non-moving party must present more than just some evidence of a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986):

> There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the [non-moving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

(Citations omitted); *see also Celotex*, 477 U.S. at 322–23, 106 S.Ct. at 2552–53; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). Consequently, the non-moving party must do more than raise some doubt as to the existence of a fact; the non-moving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd*, 929 F.2d 701 (6th Cir.1991).

Accordingly, to determine whether the defendants are entitled to summary judgment, this court must examine the applicable substantive law and the facts alleged in the plaintiff's complaint. Dismissal of the plaintiff's action is appropriate if no genuine issues of material fact remain to be resolved and the defendants are entitled to judgment as a matter of law.

### III. Discussion

Review of the record in this case demonstrates that dismissal of Kramer's complaint is warranted. First, count I should be dismissed because it is nothing more than an appeal of the Commission's October 28, 1994 Decision and Order. Although Kramer makes one oblique reference in paragraph 11 to a violation of due process under the Fourteenth Amendment, an objective reading of that count discloses that Kramer is merely appealing the Commission's decision in accordance with the procedures provided under Michigan's Tenure Act. This court simply lacks jurisdiction over the state law claim presented in count I. *Manchester v. Lewis*, 507 F.2d 289, 291 (6th Cir. 1974) ("Review of actions of school authorities under the Teachers' Tenure Law of Michigan is the prerogative of the courts of that State and not of the federal judiciary."). Kramer concedes in her brief in response to the School District's motion to dismiss that this count was already remanded to the Ingham County Circuit Court by this court's January 19, 1995 order. To the extent, however, that this court can interpret any of the allegations in count I to contain a federal question, this court will treat those issues in the context of the section 1983 claim asserted in count II.

Second, count II must be dismissed because it fails to state a cognizable section 1983 claim. As an initial matter, this court notes that, to the extent that Kramer's complaint does contain viable section 1983 claims based upon due process violations, these claims would be barred by the statute of limitations. It is well recognized that section 1983 claims are to be characterized as actions involving personal injuries for purposes of the statutory limitations period in Michigan. *Wilson v. Garcia*, 471 U.S. 261, 276, 105 S.Ct. 1938, 1947, 85 L.Ed.2d 254 (1985); *Higley v. Michigan Department of Corrections*, 835 F.2d 623 (6th Cir.1987). Section 600.5805(8) of Michigan's Revised Judicature Act provides for a three year limitation period on personal injury actions. M.C.L.A. § 600.5805(8); *Collard v. Board of Nursing*, 896 F.2d 179 (6th Cir.1990). Accordingly, Kramer had three years from the date she alleged that the School District failed to recall her to a vacant teaching position in which to file her due process claim pursuant to section 1983. The record and the complaint clearly disclose that all of the events underlying Kramer's constitutional claims against the School District occurred at the latest in 1980. Kramer filed this complaint on November 17, 1994, well beyond the three year limitations period. All claims in the complaint based upon 42 U.S.C. § 1983 must be dismissed as untimely.

██ Even if this court accepts Kramer's argument that the statute of limitations in this matter was tolled until the Commission ruled on October 28, 1994 that the School District improperly failed to recall Kramer for the 1978–79 school year, Kramer's complaint should be dismissed because it fails to state a viable cause of action under 42 U.S.C. § 1983. To state a prima facie claim under section 1983, a plaintiff must establish that she was deprived of a right secured by the Constitution or by federal law and that she was subjected to this deprivation by a person acting under color of state authority. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir.1994). Kramer has failed to allege a violation of any right secured to her under the United States Constitution or federal law.[1]

Kramer concedes in her argument in opposition to the School District's motion to dismiss that, in order to prove a deprivation of a "property" interest for purposes of due process and 42 U.S.C. § 1983, she must allege and prove that she had a "legitimate claim of entitlement" to being recalled during the 1977–78 and 1978–79 school years by reference to "existing rules or understandings that stem from an independent source such as state law." *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). Kramer further admits that:

> Plaintiff had to prove her entitlement to recall under the Tenure Act, in order to be cognizant of the "property right" she could allege in support of her action under 42 USC § 1983.

In this case, Michigan's Teachers' Tenure Act governed the School District's actions during the 1977–78 and 1978–79 school years. At that time, section 38.105 of the Act provided:

> Any teacher on permanent tenure whose services are terminated because of a necessary reduction in personnel shall be appointed to the first vacancy in the school district for which he certified and qualified. M.C.L.A. § 38.105.

The Michigan Court of Appeals has held that "implicit in this language is the conclusion that school districts are excused from offering a tenured teacher a contract of employment when it is necessary to reduce personnel." *Steeby v. School District of the City of Highland Park*, 56 Mich.App. 395, 397, 224 N.W.2d 97 (1974). Further, in *Smith v. Wyoming Public Schools*, the court stated:

> Where a school board must decide whom among tenured teachers to lay off, the TTA guarantees none a right to continuing employment. A tenured teacher cannot be denied a right she does not have. 128 Mich.App. 746, 749, 341 N.W.2d 202 (1983).

The only legitimate expectancy that Kramer had in being recalled under the Teacher Tenure Act, and consequently the only property interest that Kramer may assert in support of her section 1983 due process argument, relates to the 1978–79 school year. This court cannot entertain a cause of action based upon that entitlement, however, because Kramer's rights to receive back pay for that period have already been vindicated by the Tenure Commission's October 28, 1994 decision. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir.1990) (upholding the district court's dismissal of a section 1983 claim be-

---

1. Paragraphs 34 and 35 of Kramer's complaint disclose the basis of Kramer's due process claims:

    34. By reason of Plaintiff's "tenure" status and the laws of the State of Michigan, she possessed a legitimate expectancy and entitlement to continuous employment and recall to active employment at the expiration of the one year leave of absence which she requested; such that Plaintiff's interest in her employment constituted a valuable property right within the protections of due process of law as guaranteed by the 14th Amendment to the United States Constitution....

    35. The District's refusal to return Plaintiff to active employment at the start of the 1977–78

and 1978–79 school years, its adoption and enforcement of a policy and practice of subordinating the recall rights of teachers on leave of absence to other teachers on staff who had less seniority, and its conduct which misled Plaintiff into not filing an earlier Tenure action, was illegal, was arbitrary and capricious, constituted a "taking" of her property and a deprivation of Plaintiff's due process rights, which, at a minimum, would have dictated that Plaintiff be afforded a meaningful notice of the actions the District was taking, and a reasonably prompt and fair opportunity for a hearing to challenge the alleged mistreatment.

cause the allegations in that claim were adequately addressed and substantially remedied in a state court action); *Campbell v. City of Allen Park,* 829 F.2d 576, 578–80 (6th Cir.1987) (concluding that, once the plaintiff had achieved a substantial part of the relief sought in her section 1983 claim, "she was no longer free to pursue her federal claim even though she had not received attorney fees and damages for emotional distress."). The Commission's October 28, 1994 decision, granting Kramer's requested relief for the 1978–79 school year, renders Kramer's section 1983 claim for that relief moot. *Id.* Thus, to the extent that Kramer has established an entitlement to recall and one year of back pay for the 1978–79 school year, any section 1983 claim based upon the deprivation of that entitlement must be dismissed as moot because she has already received a substantial part of the remedy for that deprivation from the Commission.

■ Because Kramer has failed to demonstrate a legitimate expectancy to recall for the 1977–78 school year, her section 1983 due process claims relating to that school year must also be dismissed. Kramer has the right to appeal the adverse portion of the Commission's October 28, 1994 decision under M.C.L.A. § 38.121, and she has exercised this right. Accordingly, Kramer's section 1983 due process claim relating to the 1977–78 school year fails because Kramer has not established that she has been deprived of a property interest without due process of law.

■ Nor has Kramer established that the School District denied her due process because it did not conduct a pre-termination hearing prior to its decision to not recall Kramer during the 1977–78 and 1978–79 school years (assuming, again, that such a claim should not be dismissed as untimely). Review of the applicable authorities confirms that alleged procedural due process violations by the School District asserted in Kramer's complaint are not cognizable under section 1983. *See Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) (holding that a § 1983 action is not available for deprivation of property without due process where there exists a state remedy that comports with procedural due process); *Bra-*

*ley v. City of Pontiac,* 906 F.2d 220, 225 (6th Cir.1990) (dismissing a § 1983 procedural due process claim because the plaintiff's state court tort action provided adequate procedural due process by post-deprivation redress). Kramer has not challenged the procedures employed by the Commission or the constitutionality of the Tenure Act on due process grounds. Without such a challenge, this court will not consider or question the constitutionality of the Commission's actions or the Tenure Act. *See Ashwander v. Tennessee Valley Authority,* 297 U.S. 288, 324–25, 56 S.Ct. 466, 472–73, 80 L.Ed. 688 (1936) ("Claims based merely upon potential invasions of rights are not enough to warrant judicial intervention."). This court is satisfied that the comprehensive administrative scheme established under the Tenure Act provided Kramer an adequate post-deprivation hearing and complete due process. Count II of Kramer's complaint must be dismissed for failure to state a prima facie claim under section 1983.

■ Finally, Count III should be dismissed because it fails to assert a valid "takings" or section 1983 claim. Kramer has presented no authority to support her claim of entitlement to the 12% interest rate provided under M.C.L.A. § 600.6013 or § 500.2006 on her award of back pay for the 1978–79 school year. To the contrary, Michigan courts have consistently declined to apply the 12% interest rate to the administrative context. *Gordon Sel–Way, Inc. v. Spence Brothers, Inc.,* 438 Mich. 488, 508–09, 475 N.W.2d 704 (1991) (holding that § 600.6013 applies only money judgments recovered in a "civil action," which is defined as an action "commenced by filing a complaint with a court."); *Oliver v. Department of State Police,* 132 Mich.App. 558, 349 N.W.2d 211 (1984) (concluding that interest under § 600.6013 does not apply to circuit court review of administrative agency decision). Similarly, the 12% interest rate provided under Michigan's Unfair Trading Practices Act, M.C.L.A. § 500.2006, is plainly inapplicable to Kramer's claim against the School District. By its terms, that section applies only to insurance carriers who have wrongly delayed payment of an insurance claim that was

**1108**

not "reasonably in dispute." *Jones v. Jackson National Life Ins. Co.,* 819 F.Supp. 1372 (W.D.Mich.1993), *aff'd,* 27 F.3d 566 (6th Cir. 1994). It does not apply to administrative awards against a school district. Accordingly, Kramer has no legitimate claim of entitlement to the 12% interest rate underlying her "takings" and section 1983 arguments in count III. Without a property interest in the higher rate, Kramer simply cannot state a prima facie "takings" or section 1983 claim. Count III must be dismissed.

### ORDER

Therefore, it is hereby **ORDERED** that the defendants' motion to dismiss or for summary judgment is **GRANTED.**

**IT IS FURTHER ORDERED** that, to the extent that it purports to state claims under the Fifth and Fourteenth Amendments and 42 U.S.C. § 1983, plaintiff's November 17, 1994 complaint is **DISMISSED** with prejudice.

**SO ORDERED.**