**Paul C. KESTERSON, Plaintiff–Appellant,**

v.

**FEDERAL BUREAU OF PRISONS; Maryellen Thoms, Defendants–Appellees.**

No. 02–5630.

United States Court of Appeals, Sixth Circuit.

April 2, 2003.

Before BOGGS and SILER, Circuit Judges; STEEH, and District Judge.*

---

* The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

*ORDER*

Paul C. Kesterson, a federal prisoner proceeding pro se, appeals a district court order and judgment dismissing his civil rights complaint brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Named as defendants are the Federal Bureau of Prisons ("BOP") and a BOP official, Maryellen Thoms. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In a sworn statement filed December 17, 2001, construed as the *Bivens* complaint, Kesterson alleged that the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. By memorandum opinion and order filed April 16, 2002, the district court dismissed the complaint because there were no clearly defined defendants; claims were not sufficiently linked to particular factual scenarios; the district court was without jurisdiction over complaints of treatment Kesterson received while confined in Tennessee; Kesterson had not sufficiently characterized his jurisdictional basis for claims asserted under theories other than *Bivens;* and Kesterson had failed to plead facts to explain the apparent disparity between his request for additional pain medication and the fact that he was apparently a recovering drug addict in the drug treatment program. The dismissal was pursuant to 28 U.S.C. § 1915A(b). Reconsideration was denied. This appeal followed.

This court reviews de novo a district court's order dismissing a suit for failure to state a claim upon which relief may be granted under § 1915A(b). *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000). "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.*

Upon review, we conclude that the district court properly dismissed Kesterson's complaint for the reasons stated by that court, as it fails to state a claim for relief. In order to state a viable claim pursuant to the *Bivens* doctrine, a plaintiff must allege that he was deprived of a right secured by the federal constitution or laws of the United States by a person acting under color of federal law. *Bivens,* 403 U.S. at 397, 91 S.Ct. 1999; *Yeager v. Gen. Motors Corp.,* 265 F.3d 389, 398 (6th Cir.2001), cert. denied, 535 U.S. 928, 122 S.Ct. 1299, 152 L.Ed.2d 211 (2002). Kesterson failed to set forth with any degree of specificity which of the complained of acts were committed by which of the named defendants. In order to state a claim for relief, Kesterson must allege that the defendants are accountable because they were personally involved in the acts of which he complains. *See Rizzo v. Goode,* 423 U.S. 362, 375–76, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). In this case, Kesterson's complaint failed to allege any factual connection between the actions challenged and the named defendants. Bare and conclusory allegations that a defendant personally deprived the plaintiff of constitutional · or statutory rights are insufficient. *See Hall v. United States,* 704 F.2d 246, 251 (6th Cir.1983).

Finally, the district court properly dismissed Kesterson's claim that he was not afforded sufficient pain medication. Kesterson failed to plead facts to explain the apparent disparity between his request for additional pain medication and the fact that he was apparently a recovering drug addict in the drug treatment program.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.