**Felix NWAEBO, Plaintiff–Appellant,**

v.

**Kathleen M. HAWK–SAWYER, et al., Defendants–Appellees.**

No. 03–3801.

United States Court of Appeals, Sixth Circuit.

Nov. 28, 2003.

Felix Nwaebo, pro se, Lisbon, OH, for Plaintiff–Appellant.

Marlon A. Primes, Asst. U.S. Attorney, U.S. Attorney's Office, Cleveland, OH, for Defendant–Appellee.

Before ROGERS and COOK, Circuit Judges; and COHN, District Judge.*

*ORDER*

Felix Nwaebo, a federal prisoner proceeding pro se, appeals a district court judgment dismissing his civil action filed pursuant to the doctrine announced in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 397, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and 18 U.S.C. § 4042. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On January 17, 2003, Nwaebo filed a complaint against Federal Bureau of Prisons ("BOP") Director Kathleen M. Hawk–Sawyer; former Federal Correctional Institution—Elkton, Ohio, ("FCI–Elkton") Warden John J. LaManna; Western Regional Office Warden R.L. Morrison; FCI–Elkton Warden Mark A. Bezy; FCI–Elkton Associate Wardens Ralph Montalvo, Mary Ann Varner, Nelson Aponte, and B. Hertel; Federal Detention Center—Philadelphia, Pennsylvania, Associate Warden Mr. Jones; and FCI–Elkton Health Services Administrator Mohamed Azam. Relying upon the First, Fifth, Eighth, and Fourteenth Amendments, Nwaebo alleged that he suffers from "a permanent injury on [his] left knee and upper left thigh" as well as constant lower back pain and that the defendants have provided inadequate and untimely medical treatment for his condition. Specifically, Nwaebo alleged that the defendants failed to properly diagnose his condition and deliberately delayed medical treatment, causing him prolonged pain and suffering. Nwaebo sought monetary and declaratory relief.

Despite Nwaebo's failure to demonstrate exhaustion of his administrative remedies, the district court dismissed Nwaebo's complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e). Nwaebo subsequently filed a Fed.R.Civ.P. 59(e) motion for recon-

---

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

sideration, which the district court denied. Nwaebo has filed a timely appeal.

We review de novo a district court judgment dismissing a suit for failure to state a claim upon which relief may be granted under § 1915(e)(2). *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000). "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.*

Upon review, we conclude that the district court properly dismissed Nwaebo's complaint because it failed to state a claim upon which relief may be granted. First, a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights. *Rizzo v. Goode,* 423 U.S. 362, 373–77, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *Hall v. United States,* 704 F.2d 246, 251 (6th Cir.1983). Nwaebo failed to allege with any degree of specificity which of the named defendants were personally involved in or responsible for each of the alleged violations of his constitutional rights.

Second, even if the defendants were sued because of the supervisory positions that they held, Nwaebo's complaint failed to state a claim against them under a respondeat superior theory of liability. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Street v. Corr. Corp. of Am.,* 102 F.3d 810, 817–18 (6th Cir.1996). Liability under § 1983 cannot be imposed merely because of the supervisory positions which the defendants in this case held. *See Combs v. Wilkinson,* 315 F.3d 548, 558 (6th Cir.2002); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.1984).

Third, LaManna and Azam, the only defendants mentioned by name in the body of Nwaebo's complaint, cannot be subject to § 1983 liability simply because they may have denied Nwaebo's administrative grievances or failed to act based upon information contained in his grievances. *See Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999). Fourth, Nwaebo may not pursue a claim under § 4042, which establishes the general duties of the BOP, because that statute does not provide a private cause of action against BOP officials. *See Harper v. Williford,* 96 F.3d 1526, 1528 (D.C.Cir.1996); *Chinchello v. Fenton,* 805 F.2d 126, 134 (3d Cir.1986); *Williams v. United States,* 405 F.2d 951, 954 (9th Cir.1969).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.