James B. **MUELLER**, Plaintiff,

v.

Lawrence **GALLINA**, and John and Jane Does 1–10, Defendants.

No. CIV. 02–40181.

United States District Court,
E.D. Michigan,
Southern Division.

March 30, 2004.

Edward L. Ewald, Jr., Dold, Spath, (Troy), Troy, MI, Thomas G. Roth, West Orange, NJ, for James B. Mueller, Plaintiff.

Michael J. Lavoie, Butzel Long (Detroit), Detroit, MI, for Lawrence Gallina, Defendant.

### OPINION AND ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS

GADOLA, District Judge.

This is a *"Bivens* action" in which Plaintiff alleges that Defendants violated his Fourth Amendment right to be free from unreasonable searches and seizures. *See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388, 396–97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). "In *Bivens,* despite the absence of a Congressional statute authorizing a federal cause of action, the Supreme Court held that damages may be recovered from federal agents for injuries inflicted by them in violation of victims' Fourth Amendment rights." *Hammons v. Norfolk S. Corp.,* 156 F.3d 701, 702 n. 1 (6th Cir.1998).[1]

The only named and served defendant in this action is Defendant Lawrence Gallina (hereinafter "Defendant"). Before the Court is Defendant's motion for judgment on the pleadings. *See* Fed.R.Civ.P. 12(c). Plaintiff filed a response, and Defendant filed a reply brief. The Court held a hearing on this matter on March 10, 2004. For the reasons set forth below, the Court will grant Defendant's motion.

### I. BACKGROUND

Defendant was the Special Agent in Charge of the United States Drug Enforcement Administration's ("DEA") Detroit Field Division from 1996 to 1999. At times pertinent to this action, Plaintiff was a Special Agent in the DEA's Detroit Field Division.

On September 12, 1997, Defendant purportedly issued a letter to a firearm manufacturer authorizing Plaintiff to purchase an otherwise unobtainable firearm. On June 14, 2000, after Defendant was no longer in charge of the Detroit Field Office, the DEA's Office of Professional Responsibility ("OPR") interviewed Defendant as part of an OPR investigation of Plaintiff. During this interview, Defendant stated that he did not review, sign, or authorize the aforementioned September 12 letter. This statement by Defendant was incorporated into an OPR investigator's affidavit, and this affidavit was used to obtain two search warrants on July 11, 2000, for Plaintiff's personal residence and his office at the DEA. Numerous items were seized during the searches.

On August 25, 2000, Plaintiff answered questions on the matter from representatives of the OPR as well as the Internal Revenue Service, the Department of Justice's ("DOJ") Tax Division, and the DOJ's Public Integrity Section. However, in November 2000, the DOJ informed Plaintiff that it had declined to pursue the matter.

On July 2, 2002, Plaintiff instituted this *Bivens* action. Plaintiff contends that Defendant's statement to the OPR was false and that, as a result, Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures was violated by Defendant as well as some ten other unidentified individuals in the DEA (i.e., John and Jane Does, 1–10). Defendant

---

1. *Cf. Bivens,* 403 U.S. at 411–12, 91 S.Ct. 1999 (Burger, C.J., dissenting) ("I dissent from today's holding which judicially creates a damage remedy not provided for by the Constitution and not enacted by Congress. We would more surely preserve the important values of the doctrine of separation of pow-

ers—and perhaps get a better result—by recommending a solution to the Congress as the branch of government in which the Constitution has vested the legislative power. Legislation is the business of the Congress, and it has the facilities and competence for that task—as we do not.").

has moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure.

## II. LEGAL STANDARD

When, as here, a Rule 12(c) motion for judgment on the pleadings challenges the legal basis of the complaint, the motion is treated under the standards for motions to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. *See Kramer v. Van Dyke Pub. Schs.*, 918 F.Supp. 1100, 1104 (E.D.Mich. 1996) (Gadola, J.). Rule 12(b)(6) affords a defendant an opportunity to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *See Hill v. Blue Cross & Blue Shield of Mich.*, 299 F.Supp.2d 742, 747 (E.D.Mich.2003) (Gadola, J.). In applying Rule 12(b)(6), the Court must presume all well-pleaded factual allegations in the complaint to be true and draw all reasonable inferences from those allegations in favor of the non-moving party. *See Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993).

## III. ANALYSIS

■ In order to state a claim under *Bivens,* a plaintiff must allege that the individual defendant was *personally involved* in the alleged deprivation of the plaintiff's constitutional rights. *See Nwaebo v. Hawk–Sawyer,* 83 Fed.Appx. 85, 86 (6th Cir.2003) (citing *Rizzo v. Goode,* 423 U.S. 362, 373–77, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *Hall v. United States,* 704 F.2d 246, 251 (6th Cir.1983)); *Kesterson v. Fed. Bureau of Prisons,* 60 Fed.Appx. 591, 592 (6th Cir.2003); *see also Steele v. Fed. Bureau of Prisons,* 355 F.3d 1204, 1214 (10th Cir.2003) (to be subject to *Bivens* liability, a defendant must have had "direct, personal participation" in the constitutional violation).

■ In this case, Defendant did not execute the purportedly defective search warrants. He did not procure these search warrants. He did not provide the affidavit that supported these search warrants. He did not investigate Plaintiff in the pursuit of these search warrants. Finally, he did not supervise or direct the individuals who procured or executed these search warrants or who investigated Plaintiff in this matter. These absences of personal involvement by Defendant are undisputed. Plaintiff's only allegation against Defendant is that he provided false information in response to an inquiry from an investigator.

During the OPR interview, Defendant only spoke in the capacity of a witness: he was a former administrator with personal, firsthand knowledge of the subject matter being investigated by the OPR; he did not speak from knowledge acquired in the course of his own investigation of Plaintiff. Thus, the question presented to the Court is whether a federal employee (1) who is interviewed by a federal investigator because of the employee's personal, firsthand knowledge of a subject matter under investigation, (2) who provides false information to the investigator in the course of the interview, and (3) who takes no action in support of the investigation and/or prosecution of the subject matter has the requisite personal involvement to be held liable under *Bivens* when aforementioned false information leads to a defective search warrant and, thereby, an unreasonable search and seizure?

Plaintiff and Defendant agree that there is no existing caselaw on this precise question before the Court. *See, e.g.,* Pl. Br. at 20 ("There are no cases exactly on point here, quite simply, because this issue has never been raised."). What distinguishes this case from existing caselaw is the fact that Defendant provided the allegedly false information in the context of his own

personal experience as an individual administrator and not as an investigating agent. In past cases, plaintiffs have asserted adequate claims, for Rule 12(b)(6) purposes, against agents and officers who have provided allegedly inaccurate information in support of a search warrant or in support of an affidavit that led to a search warrant, but, in these cases, the agents/officers provided the information in the capacity of being active investigators of the subject matter. *See, e.g., Groh v. Ramirez,* —— U.S. ——, ——, 124 S.Ct. 1284, 1288, 157 L.Ed.2d 1068 (2004); *Galbraith v. County of Santa Clara,* 307 F.3d 1119, 1121–22, 1126–27 (9th Cir.2002); *Turpin v. County of Rock,* 262 F.3d 779, 782–84 (8th Cir.2001); *Donta v. Hooper,* 774 F.2d 716, 717–18 (6th Cir.1985); *Mom's, Inc. v. Weber,* 82 F.Supp.2d 493, 498 (E.D.Va.2000); *see also* Def. Br. at 5–11; Def. Reply Br. at 2–5. Restated, providing information drawn from an investigation has constituted sufficient personal involvement for stating a claim under *Bivens.* Here again, however, Defendant provided information in the capacity of being a former administrator with personal, firsthand knowledge; he did not speak from knowledge acquired in the course of his own investigation of Plaintiff. He was a witness not an actor. Therefore, without the benefit of caselaw on point, the Court must decide whether personal involvement for *Bivens* purposes includes being nothing more than an individual who provides information to investigators based solely upon personal knowledge and recollections drawn from the individual's own firsthand, past experiences.

Upon careful consideration of the question presented, the Court concludes that Defendant was not personally involved for *Bivens* purposes in the purported violation of Plaintiff's constitutional rights. Defendant was completely detached from the procurement and execution of the search warrants and was not an investigator preparing information for the purpose of procuring the search warrants. Further, he did not supervise or direct the individuals who procured or executed these search warrants or who investigated Plaintiff. Defendant's solitary role in the matter was that of a witness—a mere provider of personal, firsthand information to investigators.

■■■ "[T]he Constitution does not provide a remedy for every wrong that occurs in society." *Cooksey v. Boyer,* 289 F.3d 513, 516 (8th Cir.2002) (quoting *Eagle v. Morgan,* 88 F.3d 620, 627 (8th Cir.1996)); *see also Hayden v. Grayson,* 134 F.3d 449, 457 (1st Cir.1998);[2] *Pacelli v. deVito,* 972 F.2d 871, 879 (7th Cir.1992).[3] Such is the case here. Plaintiff's unique claim against Defendant sounds more in state tort law rather than in federal constitutional law.[4]

**2.** "Needless to say, our conclusion represents no endorsement of the conduct with which [the defendant] is charged in the complaint.... Nevertheless, *not every form of misconduct is a constitutional violation*—most wrongs find their remedy under state law." *Hayden,* 134 F.3d at 457 (emphasis added).

**3.** "Litigants must believe that judges spend an inordinate amount of time wringing their hands while informing persons who have been wronged that the courts will do nothing. This is not because judges like to make litigants feel bad—or themselves feel good by expressing sympathy—but because it is important to point out that the absence of a particular remedy does not imply either the lack of a legal wrong or the absence of all remedy.... Courts that are *reluctant to treat the Constitution as a plastic document with a remedy for every wrong* are willing to redress violations of more concrete rights established by state statutes and the rules of tort law, which courts mold in the light of experience." *Pacelli,* 972 F.2d at 879 (emphasis added).

**4.** Additionally, since the alleged wrongdoing relates to Plaintiff's federal employment, the grievance procedure under the Civil Service Reform Act, 5 U.S.C. §§ 2301–05, may offer him a remedy. *See generally Stewart v. Evans,* 275 F.3d 1126, 1129–30 (D.C.Cir.2002).

The Framers drafted and ratified the Fourth Amendment to protect against unreasonable searches and seizures. *The Fourth Amendment does not protect against an individual lying about his personal recollections of the past to the investigators who are performing the searching and seizing.* Therefore, since any false information provided by Defendant was provided in his capacity as an individual and not as an investigator, he lacks the requisite personal involvement to be held constitutionally liable under *Bivens.*

This conclusion is supported by the text of the majority's opinion in *Bivens.* In justifying its result, the majority repeatedly referred to federal agents acting with or "clothed" in "federal authority" or "federal power." *Bivens,* 403 U.S. at 391, 392, 394, 395, 91 S.Ct. 1999. For instance, the majority stated: "The Fourth Amendment guarantees to citizens of the United States the absolute right to be free from unreasonable searches and seizures *carried out by virtue of federal authority.*" *Id.* at 392, 91 S.Ct. 1999 (emphasis added). In other words, the Fourth Amendment concerns agents who act on behalf of the Federal Government. In this case, Defendant was not acting with or by virtue of any "federal authority" when he was answering the OPR investigator's questions. On the contrary, as described above, Defendant answered the questions in the context of being an individual, a mere witness, who had personal, firsthand knowledge of the subject matter being investigated by the OPR and who was speaking about his own personal recollections. Therefore, Defendant's alleged wrongdoing is outside the scope of the Fourth Amendment, and, consequently, Plaintiff's cause of action is outside the scope of *Bivens.* Thus, Plaintiff has not stated and cannot state a claim under *Bivens* against Defendant, and, as a result, the Court will grant Defendant's motion for judgment on the pleadings.

The Court reaches this conclusion with a high degree of reluctance. The harshness of the result is unquestionable. Under the unique set of facts in this case, which the Court must assume as true for purposes of this motion, Defendant harmed Plaintiff, and Plaintiff is without a remedy under the Constitution. While the Court believes, after a conscientious review of the Fourth Amendment, *Bivens,* and *Bivens* caselaw, that its conclusion to grant Defendant's motion is the correct legal result, the Court realizes that this case is one of first impression and that reasonable jurists could disagree about what the correct legal result in this case should be. Therefore, given the harsh result coupled with the novel question presented, the Court encourages an appeal of the matter so that an appellate court will have the opportunity to pass on the weighty constitutional issues raised in this case.

## IV. CONCLUSION

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant Lawrence Gallina's motion for judgment on the pleadings [docket entry 18] is **GRANTED,** and that, as to Defendant Lawrence Gallina, this civil action is **DISMISSED WITH PREJUDICE.**

**SO ORDERED.**