Richard P. HELWIG, Richard L. Bayless, August L. Boetsch, Donald L. Barber, Joseph F. Sorna, Louis H. Kayser, Earl A. Ludwig, individually and on behalf of all others similarly situated, Plaintiffs,

v.

KELSEY–HAYES COMPANY, a Delaware corporation, and Hayes Wheels International, Inc., a Delaware corporation, Defendants.

Civ. A. No. 94–40512.

United States District Court,
E.D. Michigan,
Southern Division.

Nov. 30, 1995.

Andrew A. Nickelhoff and John R. Runyan, Jr., Sachs, Waldman, Ohare, Helveston, Hodges & Barnes, P.C., Detroit, MI, for Earl A. Ludwig.

Christopher A. Johlie, Kirk D. Messmer, Jay G. Swardenski, Matkov, Salzman, Madoff & Gunn, Chicago, IL, and Barbara L. McQuade, Butzel Long, Detroit, MI, for Hayes Wheels Intern., Inc.

Diane M. Soubly, Richard E. Rassel, and Mark T. Nelson, Butzel Long, Detroit, MI, for Kelsey–Hayes Co.

## MEMORANDUM OPINION AND ORDER

GADOLA, District Judge.

This matter arises out of an ERISA action brought by a class of plaintiffs consisting of salaried retirees of the defendant companies and their surviving spouses. The original complaint was filed on January 5, 1994 against the defendants, Kelsey–Hayes Company and Hayes Wheels International, Inc. (collectively "Hayes"), alleging violations of ERISA based on a series of reductions in the health insurance coverage for retirees since January 1, 1992. The plaintiffs amended their original complaint on July 7, 1995. The basic facts underlying this Amended Complaint are fairly uncomplicated.

Over a period of approximately two years, Kelsey–Hayes Company ("KHC") instituted a number of changes to the health package it provides to its salaried retirees.[1] Effective January 1, 1992, KHC began requiring monthly contributions for health benefits for all retirees under age 65, ceased a Medicare Part B reimbursement for all salaried employees, and increased the prescription drug co-payment. On January 1, 1993, KHC again modified the benefit plans by increasing the amount of the monthly contribution required on retirees under 65 years of age. Finally, effective January 1, 1994, KHC again increased the monthly contribution for retirees under age 65, instituted a 20% co-payment with an annual maximum of $2,000 per person and $4,000 per family, imposed an annual deductible of $300 per person and $600 per family, required new monthly contributions for retirees age 65 and older, established a lifetime maximum of $500,000 in coverage, and again increased the prescription drug co-payment.

The plaintiffs' Amended Complaint is divided into three counts. The first contains an action to recover full benefits under 29 U.S.C. § 1132(a)(1)(B). The second is entitled "Action Under 29 U.S.C. § 1132(a)(2) and (a)(3) To Remedy Breach of Fiduciary Duty." The third is a claim of promissory estoppel based on alleged representations by KHC that the retiree medical benefits would be continued for the lifetimes of the retirees and their covered spouses and survivors. As relief, the Amended Complaint requests: (A) a judgment declaring that the plaintiffs are entitled to continuation of the medical bene-

---

1. According to the Amended Complaint, Hayes Wheels International, Inc., acquired from KHC all assets and liabilities relating to its passenger automobile and light truck wheel business, including the liability for retiree health care benefits of certain retirees, as part of a corporate restructuring in December, 1992. A new corporation was incorporated under the name "Kelsey–Hayes Company" and the former KHC brake business were assigned to the new KHC, including sponsorship of welfare benefit plans affecting approximately 90% of the plaintiff class in this case. Hayes Wheels International, Inc., continued sponsorship and administration of benefit plans affecting nearly 90 members of the class.

fits, (B) preliminary and permanent injunctions preventing KHC from modifying the medical benefit plans, (C) damages in the amount of all sums paid by plaintiffs to maintain coverage plus an amount to compensate plaintiffs for pain, suffering and emotional distress, (D) exemplary or punitive damages of $1,000,000, (E) disgorgement of any profits or gains KHC may have derived from the modifications to the plans, (F) the establishment of a trust fund to collect and retain contributions by KHC, and (G) reasonable attorney fees and costs. Finally, the Amended Complaint requests a jury trial on all issues triable by a jury.

The defendants filed the present motion on September 20, 1995, requesting an entry of partial summary judgment on the breach of fiduciary duty claim asserted in Count II of the Amended Complaint, and further seeking to have the jury demand and certain non-equitable prayers for relief stricken from that complaint. This court will consider these motions seriatim.

## Motion for Partial Summary Judgment as to Count II

In their motion, the defendants seek summary judgment as to the breach of fiduciary duty claim asserted in Count II of the Amended Complaint. This claim, the defendants assert, is based solely on KHC's amendments to the medical benefit plans, which as a matter of law do not implicate a fiduciary duty under ERISA. Moreover, the defendants contend that they owe no duty under 29 U.S.C. § 1103(c)(1) because the plans at issue are unfunded and have no assets. Accordingly, defendants maintain that summary judgment is appropriate as to Count II because the plaintiffs have failed to meet their burden of demonstrating that a duty exists or that it was breached, if indeed such a duty existed.

Plaintiffs respond that the breach of fiduciary duty claim is not based upon the amendments to the benefit plans, which plaintiffs concede would not give rise to fiduciary duties under ERISA, but rather upon KHC's "misrepresentations" about the expected continuation of the original benefit plans for the lifetime of the retirees. Plaintiffs assert that a material question of fact

exists as to whether KHC misrepresented the terms of these medical plans, even if KHC reserved the right to amend or modify the plans.

At the November 15, 1995 hearing on this motion, this court stated its policy that motions for summary judgment will not be considered until after the close of discovery. By stipulation of the parties, this court entered an order on September 5, 1995, extending the cutoff date for discovery until January 31, 1996 and the cutoff date for dispositive motions until February 15, 1996. Accordingly, this court will deny the defendants' motion for partial summary judgment without prejudice.

## Motion to Strike Prayers for Relief (C)–(F)

In their motion, the defendants request this court to strike as immaterial under Federal Rule of Civil Procedure 12(f), all requests for relief that are not available to the plaintiffs under the applicable law in this case, namely prayers (C) through (F) listed above. The defendants first submit that prayers for compensatory, pain and suffering, emotional distress, exemplary and punitive damages are not available under § 502(a), which is codified at 29 U.S.C. § 1132(a). Similarly, they contend that disgorgement of profits cannot be ordered where the employer has merely amended an unfunded welfare benefit plan, as no fiduciary duty is implicated. Finally, they assert that establishing a trust to fund the welfare benefit plan is not available where the employer acts in a non-fiduciary capacity, such as when it amends the benefit plan.

Plaintiffs contend merely that the cases cited by the defendants in support of their argument do not specifically hold that this relief is not authorized by § 502(a). Plaintiffs submit two cases, *International Union v. Federal Forge, Inc.*, 583 F.Supp. 1350 (W.D.Mich.1984) and *Smith v. ABS Industries, Inc.*, 653 F.Supp. 94 (N.D.Ohio 1986), in support of their contention that this extracontractual relief is available for mental and emotional distress under § 502(a).

■ This court has the authority to strike under Federal Rule of Civil Procedure 12(f)

any "redundant, immaterial, impertinent, or scandalous matter." Immaterial matters include requests for relief which are not available under the applicable law. 2A *Moore's Federal Practice* ¶ 12.21[1] p. 12–201 & n. 22 (2d ed. 1993); *Allison v. Dugan,* 737 F.Supp. 1043, 1050 (N.D.Ind.1990), *aff'd in part, rev'd in part on other grounds,* 951 F.2d 828 (7th Cir.1992).

■ The Sixth Circuit has held that actions under § 502(a) do not permit recovery of compensatory or punitive damages. *See* 29 U.S.C. 1132(a); *Davis v. Kentucky Finance Cos. Retirement Plan,* 887 F.2d 689, 696 (6th Cir.1989); *Richards v. General Motors Corp.,* 850 F.Supp. 1325, 1330 (E.D.Mich. 1994). These holdings are based upon the statutory language of ERISA and are entirely consistent with decisions of the Supreme Court. *See* 29 U.S.C. § 1132(a); *Mertens v. Hewitt Assocs.,* 508 U.S. 248, ——, 113 S.Ct. 2063, 2068, 124 L.Ed.2d 161 (1990) (the "other equitable relief" language in 29 U.S.C. § 1132(a)(3) does not authorize compensatory or punitive damages). *Massachusetts Mutual v. Russell,* 473 U.S. 134, 144, 105 S.Ct. 3085, 3091, 87 L.Ed.2d 96 (1985) (same for 29 U.S.C. § 1132(a)(2)). In light of this more recent precedent, the cases cited by the plaintiffs are simply not controlling on this question. Accordingly, because the case law so clearly substantiates the defendants' contention that requests for compensatory and punitive damages are not authorized under § 502(a), prayers (C) and (D) will be stricken.

■ The case law and clear language of ERISA also demonstrate that disgorgement of profits is not available in this context. Section 409, which authorizes various remedies for breach of fiduciary duty under ERISA, requires fiduciaries found to have breached their duties to "restore to such plan any profits of such fiduciary which have been made through the use of assets of the plan by the fiduciary...." 29 U.S.C. § 1109(a).

Section 409 contemplates that the remedy of disgorgement inure solely to the welfare benefit plan and not to the individual beneficiaries. *Adcox v. Teledyne, Inc.,* 21 F.3d 1381, 1390 (6th Cir.1994); *Tregoning v. American Community Mut. Ins. Co.,* 12 F.3d 79, 83 (6th Cir.1993); *Bryant v. International Fruit Product Co.,* 886 F.2d 132, 135 (6th Cir.1989); *Massachusetts Mut. Ins. Co. v. Russell,* 473 U.S. 134, 142, 105 S.Ct. 3085, 3090, 87 L.Ed.2d 96 (1985). Because the plaintiffs seek recovery on their own behalf, the remedy of disgorgement of profits is not available.[2] Prayer (E) will be stricken as immaterial.

■ Because prayer (F) seeks a remedy which depends upon the existence of a fiduciary duty, this court is not prepared to strike it until a determination may be made on the question of whether a fiduciary duty existed, or was breached, as alleged in Count II of the Amended Complaint. Establishment of a trust as a remedy for breach of fiduciary duty is authorized by 29 U.S.C. § 1109(a) which provides in relevant part:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this title shall be personally liable to make good to such plan any losses to the plan resulting from each such breach ... and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

Accordingly, this court will not strike this request for relief until it determines whether a fiduciary duty was breached in this case.

### Motion to Strike Jury Demand

■ In the final portion of its motion, KHC submits that the plaintiffs are not entitled to a jury trial in this action because only equitable relief is available in actions to recover benefits under ERISA. In support of

---

**2.** The clear language of section 409 does not authorize disgorgement of profits as a remedy for breach of fiduciary duty where the welfare benefit plan at issue is unfunded. Logically, where the plan is unfunded and does not contain assets, profits cannot be made through the use of those assets and disgorgement cannot be required under section 409. *See* 29 U.S.C. § 1109. The plaintiffs concede that the welfare benefit plans at issue are unfunded plans which do not use or hold any assets. Accordingly, disgorgement of profits is not available and this claim for relief may be stricken.

this argument, KHC cites this court's April 13, 1995 Order which struck the jury request in the companion case of *Golden v. Kelsey–Hayes Co.*, 93–74824.

Plaintiffs do not directly challenge this argument, but rely instead upon the "excellent analysis" contained in the plaintiffs' brief in *Colby v. Massey–Ferguson*, No. 94–CV–71698–DT (E.D.Mich. April 6, 1995), a case decided by Chief Judge Julian Abele Cook. The thrust of Judge Cook's opinion in that case was that a jury was not available in actions for equitable relief, but that more facts were needed to determine whether the action was entirely equitable.

■ For the reasons articulated in the report and recommendation by Magistrate Judge Carlson adopted by this court on April 13, 1995, this court will strike the demand for a jury trial. The Sixth Circuit has made clear that there is no right to a jury trial in claims for benefits under § 502 of ERISA. *See* 29 U.S.C. 1132; *Daniel v. Eaton Corp.*, 839 F.2d 263 (6th Cir.1988); *Bair v. Gen. Motors Corp.*, 895 F.2d 1094 (6th Cir.1990). Where the nature of the remedy sought in a complaint is injunctive based on the recovery of backpay, as here, the action is equitable and there is no right to a trial by jury. *Bair*, 895 F.2d at 1097.

Plaintiffs' claim is an obvious request for the equitable relief provided under § 502. Plaintiffs are not entitled to a jury trial and the demand for a jury trial will be stricken from the Amended Complaint.

### *ORDER*

Therefore, it is hereby **ORDERED** that defendants' motion for partial summary judgment as to the breach of fiduciary duty claim contained in Count II of the plaintiffs' Amended Complaint is **DENIED** without prejudice as premature. This court will entertain an argument on this issue at the close of discovery.

**IT IS FURTHER ORDERED** that defendants' motion to strike various requests for relief contained in the plaintiffs' Amended Complaint is **GRANTED** with respect to requests for relief (C), (D) and (E), which are hereby **STRICKEN,** and **DENIED** with respect to request for relief (F).

**IT IS FURTHER ORDERED** that the jury demand contained in the plaintiffs' Amended Complaint is **STRICKEN.**

**SO ORDERED.**