individual employee represented by a union generally does not have standing to challenge an arbitration proceeding to which the union and the employer were the only parties."); *Shores v. Peabody Coal Co.*, 831 F.2d 1382, 1383 (7th Cir. 1987) ("[I]ndividual employees who are union members have no standing to challenge in a Section 301 suit an arbitration proceeding to which the union and the employer were the sole parties, except on the grounds of fraud, deceit, or breach of the union's duty of fair representation."). This rule follows from the fact that the union and the employer, and not the individual employee, are usually the only signatories to the CBA. Such is the situation in the present case.

Aloisi did not file a hybrid § 301 claim against both her union and employer, but instead named only her employer as a defendant. Because no exceptions to the general LMRA standing jurisprudence apply in the case before us, Aloisi lacks standing to raise her claims.

### III. CONCLUSION

For all of the reasons set forth above, we **REVERSE** the judgment of the district court and **REMAND** the action with instructions to dismiss the complaint.

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION:  2003 FED App. 0062P (6th Cir.)
File Name:  03a0062p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————



VONDA A. ALOISI,
     *Plaintiff-Appellee,*

    *v.*

LOCKHEED MARTIN ENERGY SYSTEMS, INC.,
     *Defendant-Appellant.*

No. 01-5753

Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.
No. 00-00475—James H. Jarvis, District Judge.

Argued:  February 4, 2003

Decided and Filed:  February 25, 2003

Before:  GILMAN and GIBBONS, Circuit Judges;
POLSTER, District Judge.*

————————

*The Honorable Dan Aaron Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

---

## COUNSEL

**ARGUED:** John B. Rayson, KRAMER, RAYSON, LEAKE, RODGERS & MORGAN, Knoxville, Tennessee, for Appellant. John D. Agee, COOLEY, COOLEY & AGEE, Kingston, Tennessee, for Appellee. **ON BRIEF:** John B. Rayson, John C. Burgin, Jr., KRAMER, RAYSON, LEAKE, RODGERS & MORGAN, Knoxville, Tennessee, for Appellant. John D. Agee, COOLEY, COOLEY & AGEE, Kingston, Tennessee, for Appellee.

---

## OPINION

---

RONALD LEE GILMAN, Circuit Judge. Vonda A. Aloisi was employed as a security police officer for Lockheed Martin Energy Systems, Inc. After working for Lockheed Martin for a number of years, she began to suffer from severe headaches, which prohibited her from performing the duties of her job. She accordingly applied for disability benefits pursuant to the collective bargaining agreement (CBA) between Aloisi's union and Lockheed Martin.

Aloisi was found to be entitled to short-term disability benefits, but the union and Lockheed Martin disagreed about the extent to which she was entitled to long-term disability benefits. This caused the union to invoke the CBA's medical arbitration procedure for resolving such disputes. At the conclusion of the arbitration procedure, Aloisi was informed that she was not entitled to the continuation of long-term disability benefits. She then filed the present action in the district court to overturn the adverse decision by the arbitrators.

The district court denied Lockheed Martin's motion for summary judgment and remanded the action for further arbitration. It subsequently denied Lockheed Martin's motion

however, closely tracks Aloisi's claims and is based on the assumption that the parties have in fact engaged in arbitration. This is § 29-5-313(a) of the Tennessee Code, which provides that "[u]pon application of a party, the court shall vacate an award where . . . [t]he award was procured by . . . undue means . . . ." Second, the applicable state statute of limitations need not be a perfect fit with the plaintiff's LMRA claim. Rather, *Mitchell* requires only that the court match the *nature* of the federal claim with an appropriate state statute of limitations. The nature of Aloisi's claim, as discussed above, is an action to vacate an arbitration award, and therefore the most appropriate state statute of limitations is the Tennessee Uniform Arbitration Act's 90-day statute of limitations to vacate such an award.

Finally, we find nothing "unfair" about applying a 90-day statute of limitations under the circumstances of this case. Neither did the Supreme Court in *Mitchell*, especially in light of the public policy favoring the prompt resolution of labor disputes. The record reflects no reason why Aloisi, with reasonable diligence, could not have complied with the applicable deadline.

### D. Standing

Lockheed Martin's alternative argument is that Aloisi lacks standing to raise her claims under § 301 of the LMRA. Aloisi's only response is that she has standing under ERISA, which, as mentioned above, is not applicable.

The general rule in LMRA actions is that an individual employee has no standing to file an action against her employer without also filing suit against her union for breach of the CBA. *Bacashihua v. United States Postal Serv.*, 859 F.2d 402, 405-06 (6th Cir. 1988) (explaining that an individual employee usually lacks independent standing to file a complaint against her employer for breach of the CBA, unless the employee also alleges that the union breached its duty of fair representation); *Katir v. Columbia Univ.*, 15 F.3d 23, 24-25 (2d Cir. 1994) (per curiam) ("If there is no claim that the union breached its duty of fair representation, an

(citing as a significant policy concern "the rapid resolution of collective bargaining disputes between the employer and employees"). The policy behind promptly resolving labor disputes obviously militates in favor of applying the 90-day statute of limitations set forth in the Tennessee Uniform Arbitration Act, as opposed to Tennessee's six-year statute of limitations for breach of contract actions, Tenn. Code Ann. § 28-3-109(a)(3).

As in *Mitchell*, Aloisi's "breach of contract" action closely resembles an action to vacate an arbitration award. The complaint specifically seeks an injunction requiring the institution of the very benefits denied by the final arbitrator. It further requests an injunction prohibiting the termination of long-term disability benefits unless and until Aloisi is found not to be totally disabled following strict compliance with the CBA's medical arbitration procedure. The main purpose of this action is clearly to vacate the arbitration award. As such, we conclude that the 90-day Tennessee statute of limitations for the vacation of an arbitration award is the most appropriate one to apply to Aloisi's claim.

Aloisi, however, raises three arguments why the 90-day limitations period should not bar her claims: (1) no arbitration award was ever issued, so the statute of limitations never began to run, (2) the Tennessee Uniform Arbitration Act applies only after a party to the action refuses to submit to arbitration, and (3) the application of a 90-day statute of limitations is unfair. As to Aloisi's first contention, it is clear that an arbitration award was in fact issued, even though it was not the award for which Aloisi had hoped and was not an award issued in strict compliance with the CBA procedures. The district court's finding to the contrary was clearly erroneous.

There are two responses to Aloisi's second contention. First, only one section of the Tennessee Uniform Arbitration Act concerns a party's refusal to arbitrate. This is § 29-5-303(a) of the Tennessee Code, which refers to "the opposing party's refusal to arbitrate." Another provision of the Act,

to alter or amend the order denying the motion for summary judgment. For the reasons set forth below, we **REVERSE** the judgment of the district court and **REMAND** the action with instructions to dismiss the complaint.

## I. BACKGROUND

### A. Factual background

Aloisi had been employed by Lockheed Martin and its predecessor as a security police officer since 1987 and, as such, was a member of the International Guards Union of America (the union). She began suffering from severe headaches in the early 1990s, which gradually worsened until she became unable to perform the duties of her job. Accordingly, Aloisi filed a claim for short-term disability benefits pursuant to the CBA.

Aloisi's claim was approved, and she received the short-term disability benefits allowed by the CBA for six months. At the end of this six-month period, Aloisi applied for long-term disability benefits. These benefits are available under the CBA to an employee who has exhausted her short-term disability benefits and who is "totally disabled." For the first 24 months of long-term disability, an employee is considered totally disabled if she is "unable to perform the duties of [her] regular job with the Company." After the expiration of this 24-month period, an employee is considered totally disabled, and thus eligible for long-term disability benefits, only if she is "unable to work at any job for which [she] might be qualified based on [her] education, training and experience."

Metropolitan Life Insurance Company (MetLife), which administers the long-term disability plan for Lockheed Martin, granted Aloisi long-term disability benefits under phase one of the plan for the 24-month period from November 20, 1995 to November 19, 1997. These benefits constitute approximately 60% of an employee's monthly pay. But MetLife subsequently determined that Aloisi was not qualified for long-term disability benefits thereafter based on

its conclusion that she was not totally disabled under phase two of the long-term disability plan.

Aloisi requested that MetLife reconsider its determination. After conducting the requested review, MetLife upheld its finding that Aloisi was not totally disabled under the phase-two definition of total disability. It therefore terminated her long-term disability benefits after November 19, 1997.

Contesting MetLife's determination that Aloisi was not totally disabled, the union invoked the CBA's medical arbitration procedure to resolve the dispute. The CBA provides in pertinent part that,

> [i]f a dispute arises as a result of an employee's claim that he or she is totally and permanently disabled[,] . . . the dispute shall be resolved in the following manner upon the filing with the Company of a written request for review by such employee not more than 60 days after receipt of denial:
>
> > The employee shall be examined by a physician appointed for the purpose by the Company and by a physician appointed for the purpose by the Union. If they disagree concerning whether the employee is totally and permanently disabled, the question shall be submitted to a third physician selected by such two physicians.
> >
> > The medical opinion of the third physician, after examination by him or her of the employee and consultation with the other two physicians, shall be final and binding on the Company, the Union, and the employee.

Pursuant to this procedure, the union appointed Dr. David Ricche to conduct the examination of Aloisi, and MetLife and Lockheed Martin appointed Dr. Robert Petrie to examine her. Dr. Ricche examined Aloisi and concluded that she was totally disabled under the CBA. Dr. Petrie consulted other doctors' prior medical reports concerning Aloisi, but did not

Uniform Arbitration Act's 90-day statute of limitations to vacate an arbitration award.

*Mitchell*, like the case at bar, concerned the determination of the applicable statute of limitations to a claim by an employee against his employer under the LMRA. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 154 (1983) (explaining that the holding in *Mitchell* "was limited to the employee's claim against the employer; we did not address what state statute should govern the claim against the union"). Moreover, in *Mitchell*, as here, the action was styled as a breach of contract claim that amounted to an action to vacate an arbitration award. *Mitchell*, 451 U.S. at 61 ("Although respondent did not style his suit as one to vacate the [arbitration] award . . ., if he is successful the suit will have that direct effect. . . . [I]t is clear that [he] was dissatisfied with and simply seeks to upset the arbitrator's decision . . . .") (internal quotation marks omitted) (fifth alteration in original).

The *Mitchell* Court stated that two factors are determinative of which state statute of limitations applies: "the nature of the federal claim and the federal policies involved." *Id.* at 60-61. Although the Court did not engage in an extensive analysis of either factor, it held that the plaintiff's contract claim against his employer for breaching the CBA was subject to New York's 90-day statute of limitations applicable to actions to vacate an arbitration award. *Id.* at 59, 64.

This court has already held that actions pursuant to the LMRA to vacate an arbitration award are governed by Tennessee's 90-day statute of limitations for similar actions. *Champion Int'l Corp. v. Paperworkers Int'l Union*, 779 F.2d 328, 334 (6th Cir. 1985). A relatively short statute-of-limitations period has been found to effectuate the pertinent public policy of promptly resolving arbitrable disputes. *Mitchell*, 451 U.S. at 63 ("[O]ne of the leading federal policies in this area is the relatively rapid disposition of labor disputes.") (internal quotation marks omitted); *Martin v. Lake County Sewer Co., Inc.*, 269 F.3d 673, 677 (6th Cir. 2001)

1988) (applying the LMRA to a dispute over the calculation of pension benefits); *LeBuhn v. Bulkmatic Transport Co.*, 865 F.2d 119, 120 (7th Cir. 1988) ("Section 301 of the [LMRA] . . . occupies the entire field of disputes over collective bargaining contracts."). Applying the LMRA in the present case is the logical choice because Aloisi's claims are based solely on noncompliance with the medical arbitration procedure set forth in the CBA, not on any similar requirements specified by ERISA.

There are two other problems with Aloisi's argument regarding the applicability of ERISA. The first is that she did not contend that ERISA was controlling when opposing Lockheed Martin's summary judgment motion in the district court, and instead relied exclusively on LMRA jurisprudence. In other words, her ERISA argument was raised for the first time on appeal, which is generally prohibited. *Singleton v. Wulff*, 428 U.S. 106, 121 (1976) ("The matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals, to be exercised on the facts of individual cases."); *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 578 (6th Cir. 2002) ("It is well-settled that this court will not consider arguments raised for the first time on appeal unless our failure to consider the issue will result in a plain miscarriage of justice."). We find no basis to depart from the general rule in the present case.

The second problem with Aloisi's reliance on ERISA is the statute's "savings clause." ERISA explicitly provides that it does not "supersede" any federal law. 29 U.S.C. § 1144(d). If we were to apply the provisions of ERISA instead of the LMRA, we would be allowing ERISA to supersede a federal law. The LMRA therefore applies to Aloisi's claims.

## C.    Statute of limitations

Actions filed under § 301 of the LMRA are subject to "the appropriate state statute of limitations." *United Parcel Serv. v. Mitchell*, 451 U.S. 56, 60 (1981). Lockheed Martin maintains that this action is governed by the Tennessee

personally examine her, before concluding that Aloisi was not totally disabled.

Dr. Jeffrey Uzzle was then selected as the third physician to determine whether Aloisi was totally disabled. After examining Aloisi, consulting with Dr. Ricche (but not Dr. Petrie), and reviewing Aloisi's medical records, Dr. Uzzle determined that Aloisi was not totally disabled. He detailed his findings in a nine-page letter, concluding that "I do not find evidence of a physical or a psychological impairment that would limit her from being able to function at sedentary to light physical demand level work."

Lockheed Martin apprised Aloisi of Dr. Uzzle's determination and asked her whether she intended to return to work. Aloisi responded with a letter claiming that the medical arbitration procedure had not been properly followed. She did not state whether she would return to work at Lockheed Martin. After Lockheed Martin and the union determined that the CBA was properly followed, Lockheed Martin notified Aloisi on February 11, 1999 that her employment would be terminated as of February 22, 1999.

## B.    Procedural background

Although the CBA provides for a grievance procedure that must be initiated by the aggrieved employee within ten days after the occurrence of the allegedly wrongful conduct, Aloisi took no further action until she filed the present lawsuit. On July 17, 2000, approximately 21 months after Lockheed Martin notified Aloisi of Dr. Uzzle's determination and 17 months after Lockheed Martin told Aloisi that she would be terminated from her employment, Aloisi filed a complaint in Tennessee state court against Lockheed Martin.

The complaint was "for breach of contract and to declare the rights, status and other legal relations of the parties . . . arising out of . . . the collective bargaining contract." Aloisi alleged that Lockheed Martin breached the CBA because the company's doctor never examined her personally. She therefore sought a declaration of the rights and obligations of

the parties under the CBA, as well as an order that Lockheed Martin provide her with phase two long-term disability benefits unless and until she was found not to be totally disabled following strict compliance with the medical arbitration procedure.

Lockheed Martin removed the complaint to federal court pursuant to 28 U.S.C. §§ 1331 and 1441(b), contending that § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, and § 502 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132, preempted Aloisi's claims. After removal, Lockheed Martin moved for summary judgment on the grounds that (1) Tennessee's 90-day statute of limitations barred the claims, and (2) Aloisi lacked standing to maintain the action under § 301 of the LMRA.

The district court denied Lockheed Martin's motion after finding that the company had not followed the medical arbitration procedure as set forth in the CBA. Because Dr. Petrie did not personally examine Aloisi, the court concluded that "no final and binding arbitration award was ever entered." Without ruling on Lockheed Martin's statute of limitations and standing arguments, the court remanded the action "for medical arbitration in conformity with the terms of the collective bargaining agreement" in order to determine whether Aloisi was totally disabled within the meaning of the CBA.

Lockheed Martin reiterated its statute of limitations and standing arguments in its subsequent motion to alter or amend the judgment. The district court denied the motion without a substantive discussion of the issues raised by the company. This appeal followed.

## II. ANALYSIS

### A. Standard of review

Although Lockheed Martin appeals both the district court's order denying the motion for summary judgment and the district court's order denying the motion to alter or amend the

same, it is, in effect, appealing solely the order denying the motion for summary judgment. The substance of Lockheed Martin's briefs on appeal and the standard of review it cites therein focus on the denial of the motion for summary judgment.

This court reviews the district court's grant of summary judgment de novo. *Sperle v. Mich. Dep't of Corr.*, 297 F.3d 483, 490 (6th Cir. 2002). Summary judgment is proper where there exists no issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering such a motion, the court construes all reasonable factual inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

### B. The application of the LMRA versus ERISA

At the heart of the parties' contentions about the applicable statute of limitations and Aloisi's standing is their dispute about whether ERISA or the LMRA governs Aloisi's claims. According to Aloisi, she has standing under ERISA and ERISA's three-year statute of limitations applies. Lockheed Martin, on the other hand, maintains that the LMRA controls. Under the LMRA, we look to the most appropriate state statute of limitations, which, Lockheed Martin urges, is the 90-day statute of limitations under the Tennessee Uniform Arbitration Act. Lockheed Martin also contends that the LMRA deprives Aloisi of standing because she failed to sue the union as a codefendant under § 301 of the Act.

This court and other circuits have repeatedly held that claims involving rights created by a CBA are governed by the LMRA. *Martin v. Lake County Sewer Co., Inc.*, 269 F.3d 673 (6th Cir. 2001) (analyzing a claim for a violation of rights conferred by a CBA under the LMRA); *Occidental Chem. Corp. v. Int'l Chem. Workers Union*, 853 F.2d 1310 (6th Cir.