**Thomas WAGNER, Plaintiff–Appellant,**

v.

**MATSUSHITA ELECTRONIC COMPONENTS CORPORATION OF AMERICA, Defendant–Appellee.**

No. 02–5734.

United States Court of Appeals,
Sixth Circuit.

March 9, 2004.

Stephen Talbert Hyder, Maryville, TN, for Plaintiff–Appellant.

William R. Seale, Mary M. Helms, Wimberly, Lawson, Seale, Wright & Daves, Morristown, TN, for Defendant–Appellee.

Before ROGERS and COOK, Circuit Judges; and COHN, District Judge.[*]

---

[*] The Honorable Avern Cohn, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

COOK, Circuit Judge.

Plaintiff–Appellant Thomas Wagner appeals the district court's grant of summary judgment to his former employer, Matsushita Electronic Components Corporation of America (Matsushita), on his age discrimination claim. Wagner alleges that the district court improperly considered Matsushita's nondiscriminatory reason for terminating his employment when determining that Wagner failed to establish a prima facie case under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* Wagner also claims that the district court imposed an impermissible, heightened burden of proof, requiring him to proffer "comparative evidence" demonstrating that Matsushita treated similarly situated employees under forty years of age more favorably. Because the district court properly found that Wagner did not establish a prima facie case of age discrimination, we affirm the district court's judgment.

I

At the time of Wagner's termination, Matsushita employed him as a manufacturing engineering supervisor at the company's Knoxville, Tennessee plant. A co-worker accused Wagner of permitting a subordinate, Elizabeth Russell, to report to work late on a number of occasions and of falsifying the reason for her tardiness on her time records. Wagner purportedly told Russell that if she was going to be late to work, she should call him for the purchase order number of an item needed at the plant and purchase the item before coming to work. Wagner supposedly would then manually clock Russell in and indicate on her time records that she had

been conducting company business by purchasing needed parts. After conducting an investigation, Matsushita terminated Wagner for misrepresentation of factual information concerning a subordinate's time records. Wagner was forty-eight-years-old.

## II

Wagner appeals both the district court's order granting Matsushita's motion for summary judgment and the district court's order denying his motion to alter or amend that judgment. Under such circumstances, courts review the grant of summary judgment. *Aloisi v. Lockheed Martin Energy Sys., Inc.*, 321 F.3d 551, 555 (6th Cir.2003). This court reviews the district court's grant of summary judgment de novo. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment is appropriate "[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

Wagner claims that a genuine issue of fact exists as to whether his age motivated Matsushita's decision to terminate his employment. To support his claim, Wagner identifies two other Matsushita employees under forty years old as similarly situated to him, maintaining that Matsushita treated them differently for the same or similar conduct (authorizing Russell's tardiness).

Under the familiar burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), Wagner must first establish a prima facie case of age discrimination. *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344 (6th Cir.1998); *Mitchell v. Toledo Hosp.*, 964 F.2d 577 (6th Cir.1992). The parties do not dispute that Wagner showed the first two elements: that he is a member of the protected class (employees forty years of age and older) and that Matsushita subjected him to an adverse employment action. As to the third element, the district court correctly found, and Matsushita does not dispute on appeal, that Wagner was qualified for his position. The issue on summary judgment thus narrows to whether Wagner demonstrated the fourth element of a prima face case of age discrimination—that Matsushita treated him differently for the same or similar conduct than similarly situated employees from outside the protected class. *Hein v. All American Plywood Co.*, 232 F.3d 482, 489 (6th Cir.2000); *Mitchell*, 964 F.2d at 582–83.

This court defines "similarly situated" employees as employees who "have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Mitchell*, 964 F.2d at 583. Wagner and the comparable employees must be similarly situated in all relevant aspects. *Clayton v. Meijer, Inc.*, 281 F.3d 605, 611 (6th Cir.2002) (citing *Ercegovich*, 154 F.3d at 352).

Wagner seeks to compare his treatment with that of Michael Underwood and Mark Stookesbury, other supervisors of Elizabeth Russell. Neither employee, however, is similarly situated to Wagner. Underwood, Stookesbury and Wagner did not engage in the same or similar conduct; although Underwood and Stookesbury manually clocked Russell in on occasions when she arrived late, they did not explain or excuse her tardiness on her time records. Wagner's misrepresentation of factual information concerning a subor-

dinate's time records thus distinguishes his conduct from that of Underwood and Stookesbury. Moreover, unlike Wagner, Underwood and Stookesbury repeatedly disciplined Russell for arriving late to work. Without evidence that Matsushita treated *similarly situated* employees outside of the protected class differently, Wagner cannot establish a prima facie case of age discrimination.

While arguing that Matsushita treated him differently than other employees, Wagner claims that the *McDonnell Douglas* test does not require him to compare his treatment with that of other employees but instead, merely requires him to demonstrate that his position remained open after Matsushita terminated him and that Matsushita continued to seek applicants from similarly qualified people. Wagner's argument, as the district court noted, is baffling given that he grounded his age discrimination claim on allegations that Matsushita treated Underwood and Stookesbury preferentially. Moreover, the very cases Wagner cites for the elements of a prima facie case under *McDonnell Douglas, Hein v. All American Plywood Co., Inc.* and *Braithwaite v. Timken Co.,* require plaintiffs to provide comparative evidence of disparate treatment. *Hein,* 232 F.3d at 489; *Braithwaite v. Timken Co.,* 258 F.3d 488, 493 (6th Cir.2001).

Citing *Cline v. Catholic Diocese of Toledo,* Wagner also contends that the district court improperly considered Matsushita's nondiscriminatory reason for Wagner's termination in evaluating the fourth element of a prima facie case of age discrimination. 206 F.3d 651 (6th Cir.2000) (holding that the district court fundamentally misapplied the *McDonnell Douglas* test when it considered defendant-employer's nondiscriminatory reason in assessing whether plaintiff-employee showed that she was qualified for her position under the third element of a prima facie case). But this court's cases often incorporate an employer's nondiscriminatory reason for the adverse employment action in assessing a plaintiff's showing of the fourth element of a prima facie case. *See, e.g., Clayton,* 281 F.3d at 610–12 (considering whether plaintiff established that other similarly situated employees outside of the protected class engaged in conduct the same as, or similar to, that leading to plaintiff's adverse employment action); *accord Dorsey v. Wal–Mart Stores, Inc.,* 28 Fed.Appx. 468, *2 (6th Cir.2002) (unpublished); *Mitchell,* 964 F.2d at 583–84. Furthermore, as the district court held, Wagner himself made Matsushita's nondiscriminatory reason relevant to the prima facie analysis by choosing to compare himself to Underwood and Stookesbury. Accordingly, the district court did not err in considering the reason for Wagner's termination when evaluating the fourth element of his prima facie case.

Because Wagner failed to establish a prima facie case of age discrimination, we need not examine the remaining steps of the *McDonnell Douglas* test.

### III

For the foregoing reasons, we deny Plaintiff–Appellant's claims on appeal and affirm the district court's judgment.