No.  04-3304
File Name:  05a0475n.06
Filed:  June 7, 2005

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

LOCAL NO. 1654, INTERNATIONAL            )
BROTHERHOOD OF ELECTRICAL                )
WORKERS, AFL-CIO,                        )
                                         )
          Plaintiff-Appellant,           )
                                         )
v.                                       )        On Appeal from the United States
                                         )        District Court for the Northern
L. G. PHILIPS DISPLAY COMPONENTS         )        District of Ohio
COMPANY,                                 )
                                         )
          Defendant-Appellee.            )
                                         )

Before:  MARTIN and ROGERS, Circuit Judges; FORESTER, Chief District Judge.*

          Local 1654 of the IBEW appeals the summary judgment for the defendant employer in this

action asserting a breach of a collective bargaining agreement under § 301 of the Labor Management

Relations Act, 29 U.S.C. § 185, and a state law claim of fraud.  Counsel for the employer waived

oral argument.  Counsel for the union requested oral argument, but did not reiterate the request after

being informed by the court that it was considering submitting the appeal for consideration on the

briefs.  This panel unanimously agrees that oral argument is not needed in this case.  Fed. R. App.

P. 34(a).

          Defendant operated a plant in Ohio manufacturing television picture tubes that employed

approximately 1400 workers.  It announced its intention to close the plant and move its operation

_____

          *The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District
of Kentucky, sitting by designation.

to Mexico. The union and the employer thereafter negotiated the final agreement to govern the period until the plant closed. The union pressed for allowing the employees to receive their retirement benefits in a lump sum at the time of the closing, an option that had previously been available only to those employees old enough to be eligible for immediate or early retirement. The employer agreed to this, and the agreement was ratified by the union membership. Subsequently, the employer provided the union with a table of factors which would be used to compute the lump sum retirement benefits. The union then filed this action alleging a breach of the agreement contending that defendant knew it had relied on a table of factors previously provided to it which resulted in much larger lump sum benefits. During discovery, the union learned that the employer had the correct table of factors during the negotiation but had not furnished it to the union. The complaint was then amended to add a claim of fraud.

Defendant moved for summary judgment, contending that the claims were preempted by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. The district court granted the motion, finding the claims preempted and therefore not addressing them on the merits. The parties reiterate their arguments on appeal.

This court reviews de novo summary judgment. *Aloisi v. Lockheed Martin Energy Sys., Inc.*, 321 F.3d 551, 555 (6th Cir. 2003). Here summary judgment was proper on the claim of fraud. State law claims for the recovery of employee benefits are preempted by ERISA, *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991), as are federal common law claims. *Muse v. Int'l Business Machines Corp.*, 103 F.3d 490, 495 (6th Cir. 1996). The fraud claim in this case, first asserted as a state law claim in the amended complaint, but thereafter argued as a federal common law claim, was therefore properly found preempted by the district court.

Claims involving rights created by collective bargaining agreement are governed by the Labor Management Relation Act and are not superseded by ERISA. *Aloisi*, 321 F.3d at 556. This court has held on a number of occasions that such an action can be maintained under ERISA or § 301 of the labor act. *Id.*; *Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 659 n.11 (6th Cir. 1996); *Biros v. Spalding-Evenflo Co.,* 934 F.2d 740, 742 (6th Cir. 1991) (and cases cited). In finding the claim

for a breach of the agreement preempted by ERISA, the district court relied on *United Steelworkers of America v. United Engineering, Inc.*, 52 F.3d 1386 (6th Cir. 1995). However, *United Steelworkers* was decided on the narrow ground that ERISA preempted claims for non-guaranteed pension benefits against plan sponsors, because ERISA had been amended to provide that plan sponsors were not liable for non-guaranteed benefits. *Id*. at 1393-94. The district court also did not consider that the union would not have standing to pursue a claim for benefits under ERISA, as it is not a participant or beneficiary of an ERISA plan. *Teagardener v. Republic-Franklin Inc. Pension Plan*, 909 F.2d 947, 951 (6th Cir. 1990).

Thus the judgment is reversed and the case returned to the district court.